**In re Randy Doyle BAIN, Steffanie Marie Bain, Debtors.**

**Bankruptcy No. 598–50305–7.**

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

Aug. 7, 1998.

Sam Gregory, Lubbock, TX, for debtors.

## MEMORANDUM OF OPINION ON REAFFIRMATION AGREEMENT

JOHN C. AKARD, Bankruptcy Judge.

The Chase Manhattan Bank, USA (Bank) proposed a reaffirmation agreement to Randy Doyle Bain, one of the Debtors in the captioned case. The Bank requested that the court approve the reaffirmation agreement. The court finds that it cannot approve the reaffirmation agreement. Consequently, it must be denied.

### FACTS

Randy Doyle Bain and Steffanie Marie Bain filed for relief under Chapter 7 of the Bankruptcy Code on March 9, 1998. At the discharge and reaffirmation hearing on July 29, 1998, a reaffirmation agreement between Mr. Bain and the Bank was presented to the court for consideration. The Bank requested that the court approve the reaffirmation agreement.

The reaffirmation agreement described Mr. Bain's obligation to the Bank on a credit card in the amount of $388.00. It provided that if he paid the Bank $19.40, the credit card account would be reopened with a limit of $400.00. In effect, Mr. Bain would be paying $388.00 plus interest[1] for $12.00 worth of credit. The agreement does not clearly state whether the $19.40 payment would be applied to interest, or to principal, or whether it is an additional charge being made by the Bank. The agreement further provides that if the Debtor does not timely rescind the agreement and does not pay the $19.40, that the Bank can sue him for the entire unpaid balance of the account.

Mr. Bain stated that he felt he needed a credit card because he traveled and wanted to use the credit card to make hotel and auto rental reservations. With only $12.00 available credit on the card, it is not likely those purposes could be achieved. The court advised Mr. Bain, as it does every debtor, that he could pay any bill he wished to pay. However, this court cannot find that it is in Mr. Bain's best interest to pay $388.00 plus interest for $12.00 worth of credit.

### CONCLUSION

Because Mr. Bain chose to reaffirm the obligation, his attorney approved the reaffirmation agreement. If the Bank had not asked for the court's approval, the only thing the court could have done was to point out to Mr. Bain the folly of his choice. The Bank's request for approval by the court placed the burden on the court to review the reaffirmation agreement. For the reasons stated, the court cannot approve it.[2]

---

1. The interest is not disclosed, but interest on credit card accounts is typically between 18% and 22% per annum.

2. In all likelihood, Mr. Bain will soon have several opportunities to get into debt to credit card companies. Attorneys advise the court that their Chapter 7 clients receive numerous credit card solicitations, including some before the discharge is granted. The court recently saw evidence that during the first two years of a five year Chapter 13 plan, the debtors received 53 credit card solicitations. These actions and frequent advertisements by various creditors indicate that the credit community no longer shuns persons who take bankruptcy, but rather actively solicits their business. The credit community has effectively removed the "stigma" of bankruptcy. Bankruptcy judges and most bankruptcy lawyers have always advocated that bankruptcy be a last resort for those in financial difficulty. By making post-bankruptcy credit readily available, the credit community is encouraging those with financial difficulty to take bankruptcy. The credit commu-

ORDER ACCORDINGLY.[3]

nity should not complain because its actions were successful and resulted in additional bankruptcy filings.

3. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to FED. R.BANKR.P. 7052 which is made applicable to Contested Matters by FED.R.BANKR.P. 9014. This Memorandum will be published.